UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY WAGGONER and DARBEY SCHULTZ, on behalf of themselves and all other similarly situated, | ) ) ) ) ) | CASE NO. 5:14-cv-1626 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| U.S. BANCORP, a foreign corporation, and U.S. BANK NATIONAL ASSOCIATION, a foreign corporation, | ) ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiffs' "Notice of Unopposed Motion for Approval of FLSA Settlement Agreement and Release," which seeks the Court's approval of a settlement agreement[1] entered into between plaintiffs and defendants resolving plaintiffs' claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Doc. No. 117 ["Mot."].) The motion was supported by a memorandum and declarations from counsel. On December 19, 2016, the Court held a hearing on the motion. At the conclusion of the hearing, the Court took the motion under advisement. For the reasons that follow, the settlement is approved and plaintiffs' unopposed motion is granted.

I. BACKGROUND

In this collective action, filed July 23, 2014, plaintiffs Kelly Waggoner and Darbey Schultz (collectively "named plaintiffs") brought suit against defendants, U.S. Bancorp and U.S.

---

[1] A copy of the settlement agreement was appended to the motion. (Doc. No. 117-4 ("Settlement Agreement").)

Bank National Association (collectively "U.S. Bank"), for unpaid overtime wages on behalf of themselves and other co-managers ("CMs") at U.S. Bank's in-store branches located in retail grocery stores. Opt-in plaintiffs Debthy Brown, Richard DeGregorio and Rachel Nieves (collectively "discovery opt-in plaintiffs") joined the case shortly thereafter. (*See* Doc. Nos. 10 and 11.) The amended complaint alleged that, while U.S. Bank uniformly classifies its CMs stationed in grocery store branches as exempt from federal overtime provisions and does not pay CMs overtime wages, these CMs routinely performed non-exempt duties. (Doc. No. 6 (Amended Complaint ["Am. Compl."]) ¶¶ 4-7.) U.S. Bank denied the allegations and denied that it violated the FLSA with respect to its treatment of its CMs working in retail grocery stores. Defendants also asserted seventeen affirmative defenses. (*See* Doc. No. 16 (Amended Answer ["Am. Ans."]).)

The pending motion was preceded by two and one half years of contentious litigation wherein the parties conducted discovery and engaged in motion practice. On June 24, 2015, the Court granted plaintiffs' motion for conditional certification. (Doc. No. 34.) Following conditional certification, the parties continued to litigate issues relating to various matters, including the notices to members of the collective. After the Court resolved the disputes relative to the notices, 161 CMs submitted valid consent forms joining the lawsuit, bringing the total number of claimants to 166. (Doc. Nos. 49-66, 68-89, 91-94, 96-99, 101, 103, 105, 110.)

Following the notice period, the parties engaged in written discovery. On June 7, 2016, the parties participated in a formal mediation conference with a well-respected mediator with expertise in collective wage and hour matters. While the parties were not able to resolve the claims at the mediation, with the assistance of the mediator, they continued negotiations and eventually reached an agreement on the general terms of a settlement.

The Settlement Agreement establishes a maximum settlement fund of $1,150,000.00 to settle plaintiffs' FLSA claims, and the claims of all named and opt-in plaintiffs, as well as all eligible class members who did not timely opt into this case. The distribution to each CM is based on an estimate of 10 hours per workweek of unpaid overtime. The parties estimate that the settlement recovers 94 percent of the lost wages of the collective. All non-opt in members will receive approximately 25% of the individual settlement amount that a named and opt-in plaintiff will receive. Additionally, the named plaintiffs and discovery opt-in plaintiffs will each receive a $10,000.00 enhancement award in recognition of their assistance in obtaining the benefits set forth in the Settlement Agreement. Rust Consulting, Inc., the third-party claims administrator, shall receive a fee capped at $26,000.00. Finally, plaintiffs' counsel will receive one-third of the $1,150,000.00 gross amount, plus reimbursement of reasonable out-of-pocket costs and expenses.

At the hearing on the motion, the Court heard from counsel on the course the parties took in arriving at the settlement. Though notice of the fairness hearing was distributed to the collective well in advance of the hearing, no collective members attended the hearing. Additionally, the Court has received no communications from absent collective members criticizing or challenging the settlement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions

'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, the public interest in settlement, the opinion of counsel and collective members, and the reaction of absent collective members. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497

4

F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. As set forth above, the parties disputed whether CMs assigned to branches located in retail grocery stores were properly classified as exempt for purposes of overtime wages. While plaintiffs contended that the CMs routinely performed teller and other non-managerial duties, defendants insist that the CMs were properly classified as exempt, and that they violated no laws regarding the payment of overtime to plaintiffs. The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the unopposed motion, the Settlement Agreement, and the other materials attached to the motion, and after having conducted a fairness hearing, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel, after considerable discovery and an involved mediation before an experienced mediator. As such, the Court finds no risk of fraud or collusion. These factors all weigh in favor of approving the settlement.

The Court further finds that the complexity, expense and likely duration of the litigation, if the settlement is not approved, weigh in favor of accepting the settlement. "Wage-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Swigart*

5

*v. Fifth Third Bank*, No. 1:11-cv-88, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (citation omitted). Added to the complexity inherent in such cases is the fact that the parties have disagreed over every aspect of this particular case from conditional certification to the content of the notices. This matter has already been pending for several years. In light of these considerations, the Court finds that this factor also weighs in favor of finding the settlement fair and reasonable.

Though the collective representatives failed to offer their opinions as to the fairness of the settlement, plaintiffs' counsel offered the opinion that the settlement represents an excellent result for the collective, as it served to recover approximately 94% of the estimated lost wages. According to counsel, the settlement award constitutes significant value given the attendant risks of continued litigation. This weighs in favor of finding the settlement fair and reasonable.

Public interest also favors settlement. "There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Sketchers Toning Shoe Prods. Liabl. Litig.*, Master File No. 3:11-MD-2308-TBR, 2013 WL 2010702, at *7 (W.D. Ky. May 13, 2013) (quoting *In re Cardizem, CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (further quotation marks and citation omitted). "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'" *Crawford*, 2008 WL 4724499, at *9 (quoting *Lynn's Food Store, Inc.*, 679 F.3d at 1353). The Court finds that the settlement is a reasonable compromise over disputed issues. Therefore, this factor favors finding the settlement fair and reasonable.

As previously observed, the Court received no objections from absent collective members, and it has no reason to believe that the settlement is opposed by any collective members. Additionally, while the Court is not in a position to assess the likelihood of success on the merits, as the parties were still conducting discovery when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement. The Court hereby approves the settlement.

The Court further finds that the enhanced service award to the named and discovery opt-in plaintiffs is reasonable. Counsel has averred that these plaintiffs "spent a significant amount of time and effort" assisting counsel: investigate the claims, prepare and review the complaint, respond to discovery, and prepare for mediation. (Doc. No. 117-3 (Declaration of Justin M. Swartz ["Swartz Decl."] ¶ 41.) Further, the requested service awards amount to less than 4.4% of the total recovery, which the Court finds to be a reasonable percentage. (*Id*. ¶ 42.) The Court further finds support for the incentive award in the fact that no objections were filed.

Additionally, the Court finds that the fee of the settlement claims administrator is reasonable. Such fee shall cover the costs incurred by the administrator in preparing the notices, processing the claims, cutting and mailing the checks, and advising on tax and accounting matters. (*See* Swartz Decl. ¶¶ 32-33.)

Finally, the Court finds that the award of attorney's fees to plaintiffs' counsel is reasonable, taking into consideration the complexity of the case. Counsel has detailed the work performed, which included investigating the claims, conducting the litigation, and negotiating the settlement. Counsel also took on substantial risk in agreeing to take this action on a contingency fee. Included in these risks was the possibility that the Court would not certify the collective and/or would decertify the collective, and that the Court would not resolve the legal and factual

7

issues in their clients' favor. The award to plaintiffs' counsel is justified by the work counsel performed, as well as by the ultimate recovery they secured for their clients. The award of costs to plaintiff's counsel is also reasonable, and the supporting declarations and summaries fully support such an award.

### IV. CONCLUSION

For all of the foregoing reasons, the Court grants plaintiffs' unopposed motion and approves the settlement. Accordingly, and pursuant to the parties' settlement, the Court:

(1) Approves the Settlement Agreement and all of its terms;

(2) Approves the Notices and Claim Form and the proposed plan for their distribution, and orders the payment to the collective to take place in accordance with the Settlement Agreement;

(3) Approves and orders the payment of an additional $10,000.00 to each of the following plaintiffs: Kelly Waggoner, Darbey Schultz, Debthy Brown, Richard DeGregorio, and Rachel Nieves;

(4) Orders the payment of $383,333.33 in attorney's fees, plus $34,010.92 in costs and expenses, to plaintiffs' counsel; and

(5) Approves and orders the payment of $26,000.00 to Rust Consulting, Inc. as the administrator. Pursuant to the terms of the Settlement Agreement, this amount may increase slightly in the event that additional collective members are identified.

Within 30 days of the entry of this Order, unless there is an appeal, in which case, two days after the final appeal is resolved, the litigation will be dismissed with prejudice, and without costs, expenses, or attorney's fees to any party except as provided in the Settlement Agreement and this Order. The Court will retain jurisdiction over this action for the purposes of supervising

the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including oversight as to the distribution of settlement funds.

**IT IS SO ORDERED**.

Dated: December 29, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**